IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA         JUDGE MARIANI

V.

MIGUEL EDUARDO ROSARIO          DOCKET NO. 3:16-CR-206

[FILED SCRANTON FEB 18 2022 PER DEPUTY CLERK]

DEFENDANT'S MOTION FOR A BILL OF
PARTICULARS AND INCORPORATED MEMORANDUM IN SUPPORT

COMES NOW the defendant, Miguel Eduardo Rosario, by and through his undersigned attorney, and respectfully moves this Honorable Court, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure for an order directing the government to provide him with a bill of particulars. The specific requests for particularization are set forth below, together with support case authority.

I. INTRODUCTION
　A. Why Particularization Is Appropriate In This Case

Defendant, Miguel Eduardo Rosario, is named in 5 counts of the instant indictment. The charges are extensive, exposing him to statutory penalties including imprisonment and fines. The indictment alleges 21 USC § 846 (conspiracy), count 2# 21 USC § 841, Count 3# 21 USC § 841, count 4# 18 U.S.C § 924(c), count 5# 18 U.S.C § 924(o). The defendant, Miguel Eduardo Rosario, on the other hand has only had a short time to prepare for trial after his arraignment on the instant indictment, and as of the filing of the instant motion, defense counsel has received no voluntary or open file discovery from the government. It is crucial that Miguel Eduardo Rosario know what the government will contend at trial and what he and others allegedly did. Given the scope of the indictment and the time that is anticipated before trial commences, only an order requiring the government to particularize the indictment can accomplish this.

A defendant's right to particularization of the charges made against him is set forth in Rule 7(f), Fed. R. Crim. P.: "The court may direct the filing of a bill of particulars." The Rule has been interpreted to vest broad discretion in the Trial Court to grant or deny a defendant's request for a bill. United States v. DePaoli, 41 Fed. Appx. 543 (3d Cir. 2002) (trial judge has broad discretion in considering motion for a bill of particulars; court should grant motion when indictment fails to provide factual or legal information significantly impairing defendant's ability to prepare defense or likely to lead to prejudicial surprise at trial).

The determination of whether a given bill falls within or exceeds [the] ... permissible purposes is seldom subject to precise line drawing. More often it is an exercise calling for discrete decisions properly infused with the ambience of the trial scene and tailored to fit the facts before the trial judge. Not surprisingly then, in passing on motions for bill of particulars, a trial court is afforded substantial discretion. United States v. Falkowitz, 214 F. Supp. 2d 365 (S.D.N.Y 2002) (in deciding whether to grant or deny a request for bill of particulars, court considers charges in indictment and state of discovery).

Trial courts are not without guidance as to the exercise of their discretion. First, those who drafted the present version of Rule 7(f) left a clear statement of their intent to encourage the use of bills of particulars.

The amendment to the first sentence eliminating the requirement of a showing of cause is designed to encourage a more liberal attitude by the courts towards bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases.

Advisory Committee Note to 1966 Amendment to Fed. R. Crim. P. 7(f).

Second, there are well-recognized guideposts in deciding whether to grant or deny specific requests in specific cases. "The purpose of a bill of particulars is to inform an accused of the charge with sufficient precision to reduce trial surprise, to enable adequate defense preparation and critically, by the fleshing out of the charges illuminate the dimensions of jeopardy." United States v. Davis, 582 F.2d at 951. The test for whether a bill of particulars is necessary is "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." United States v. DePaoli, 41 Fed. Appx. 543 (3d Cir. 2002) (trial judge has broad discretion in considering motion for a bill of particulars; court should grant motion when indictment fails to provide factual or legal information significantly impairing defendant's ability to prepare defense or likely to lead to prejudicial surprise at trial); United States v. Wessels, 12 F.3d 746 (8th Cir. 1993), cert. denied, 513 U.S. 831, 115 S. Ct. 105, 130 L. Ed. 2d 53 (1994) (purpose of bill of particulars is to inform defendant of nature of charges against him and to prevent or minimize surprise at trial).Finally, there is a body of trial court decisions that demonstrates the expansive use of Rule 7(f) and the underlying purposes of that use.

These concerns for adequate trial preparation and protection against double jeopardy often are lost in governmental platitudes that surface in opposition to requests for particularization. One hears that the Trial Court has broad discretion to deny requests for particularization; in the alternative, courts have equally broad discretion to grant these requests. To say, then, that the decision to grant or deny a request for particularization is discretionary is not to say that the request ought to be denied.

One hears, too, that the government ought not to be compelled to reveal evidence or prosecution theories. This statement, like the one about discretion, is misleading. Indictments need meet only minimal standards to be sufficient under the Fifth Amendment and Rule 7(c), Fed. R. Crim. P. Indictments are skeletons. Particularization of these skeletons always involves evidence and legal theories.

The court must weigh the legitimate reasons supporting disclosure against any reasonable reasons favoring denying the request. If the charges are broad and a defendant can be expected more meaningfully to prepare his defense if given access to additional information about the charges, then there is a reason to grant the request. If a complicated trial can be streamlined and shortened, there is a reason to grant the request. If the defendant is merely trying to force the government to do work his own counsel can and should do, there is a reason to deny the request.

This is a complicated case that has taken, and will take, considerable time to prepare and a substantial period of time to actually try. In many respects, it is more like a complex civil case than the normal criminal case. Civil rules of discovery and procedure are intended to streamline and shorten such cases; in criminal cases, similar devices are available, if infrequently invoked, i.e., expanded discovery and bills of particulars. If any case is deserving of a bill of particulars, it is this one. See, e.g., United States v. Mills, 204 F.3d 669 (6th Cir.), cert. denied, 531 U.S. 1035 (2000) (names of unindicted co-conspirators absent from original indictment but later set forth in bill of particulars); United States v. Simms, 153 F.3d 1233 (6th Cir. 1998) (district court ordered government to provide in bill of particulars names of known,

unindicted co-conspirators alluded to in indictment); United States v. Johnson, 225 F. Supp. 2d 982 (D. Iowa 2002) (in conspiracy cases, need for bill of particulars assessed by finding out whether indictment is sufficient to inform defendant of charges against her to permit her to prepare a defense); United States v. Reddy, 190 F. Supp. 2d 558 (S.D.N.Y. 2002) (courts have granted requests for bills of particulars identifying co-conspirators in cases with large number of defendants, where conspiracy spanned long periods of time, and where alleged schemes wide-ranging); United States v. Nachamie, 91 F. Supp. 2d 565 (S.D.N.Y. 2000) (recognizing that Second Circuit has affirmed both the grant and the denial of requests for disclosure of the names of unindicted co-conspirators).

Accordingly, Miguel Eduardo Rosario requests that the government specify the times, places and locations of every act which the government will seek to prove as part of the alleged conspiracy. The defendant specifically requests the following:

A.  When the alleged conspiracy commenced;

B.  When the alleged conspiracy terminated; and

C.  When Miguel Eduardo Rosario became a knowing participant in the conspiracy.

D.  Defendant is entitled to names and addresses of unindicted co-conspirators known to the government at the time of the return of the Indictment or unknown to the Government at the time of the return of the Indictment, but whose identity the Government presently knows.

Knowledge of the identities of all unindicted co-conspirators is essential to the defendant's investigation of the allegations against him. Indeed, such persons may provide the defendant with his only source of information about key events. Revelations of, and access to, such participants ought not depend on the fortuity of their being identified in the indictment. Thus, the courts recognize that:

[a] bill of particulars is a proper procedure for discovering the names of unindicted co-conspirators who the government plans to use as witnesses. It is not uncommon for the trial judge to require the government to disclose their names when information is necessary in a defendant's preparation for trial. Will v. United States, 389 U.S. 90, 99, 88 S. Ct. 269, 19 L. Ed. 2d 305 (1967).

Accordingly, Miguel Eduardo Rosario requests the identities of all unindicted co-conspirators, including those not named in the indictment. Similarly, Miguel Eduardo Rosario is entitled to the names and addresses of unindicted co-conspirators unknown to the Grand Jury but known to the government before or after indictment.

E.  Defendant is entitled to the particulars of the conduct and overt acts of all unindicted co-conspirators.

F.  Defendant is entitled to know whether he/she is charged with criminal liability on the basis of his/her conduct as a Principal or on the basis of his/her conduct as an Aider and Abettor.

This request is particularly important in the present case where the government has leveled broad allegations of criminality with no clear focus as to the conduct of individual defendants and the specific series of violations underlying the conspiracy.

III. REQUESTED PARTICULARS WITH REGARD TO COUNT NUMBER 1 and Number 5 OF THE INDICTMENT

A. The Exact Time, Date and Place the government Alleges the Events in Question are to have Occurred;

B. Whether Miguel Eduardo Rosario is Charged as a Principal or Aider and Abettor and if an Aider and Abettor, Give a Specific Description of Any Acts of Indicted or Unindicted Co-Conspirators that are to be Imputed to Miguel Eduardo Rosario as Follows:

1. The name of the co-conspirator;

2. The description of the act;

3. The date, time and place of the act;

4. The basis for imputing the act to Miguel Eduardo Rosario.

Miguel Eduardo Rosario submits that an order requiring the government to answer the foregoing particulars must be entered on the grounds that the indictment, as returned, lacks particularity and does not make available to him sufficient facts so that he can adequately prepare his defense, and the facts set forth in the indictment are not alleged in sufficient detail to protect him against the danger of double jeopardy. Miguel Eduardo Rosario specifically requests that this Honorable Court, pursuant to Rule 7(f), Fed. R. Crim. P., enter an order requiring the government to furnish the foregoing particulars.

Date: 2/13/2022                                                 Respectfully submitted,

*Miguel E Rosario*

United States v. Miguel Eduardo Rosario
Case No. 3:16-CR-206

2-13-22

Clerk,

Can you foward to my attorney Brandon R. Reish to adopt the following Motions enclosed. Thank you!

Sincerely,
Miguel E.

Name: Miguel E. Rosario
Lackawanna County Prison
1371 N Washington Avenue
Scranton, PA 18509-2840

LEHIGH VALLEY
16 FEB 2022
FOREVER / USA

CONTENTS MAILED FROM CORRECTIONAL FACILITY

RECEIVED
SCRANTON
FEB 18 2022
PER _____ DEPUTY CLERK

United States District Court
Middle District of Pennsylvania
P.O Box 1148
235 N. Washington Ave
Scranton, PA 18501

18501-500199

Queue: CL



DM-10344

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : JUDGE MARIANI
:
V. :
: FILED
MIGUEL EDUARDO ROSARIO : SCRANTON
: DOCKET NO. 3:16-CR-206

FEB 18 2022

PER _____
DEPUTY CLERK

### DEFENDANT'S MOTION FOR PRODUCTION OF STATEMENTS OF PERSONS WHO WILL NOT BE CALLED AS WITNESSES AT TRIAL AND INCORPORATED MEMORANDUM IN SUPPORT

COMES NOW the defendant, Miguel Eduardo Rosario, and respectfully moves this Honorable Court for an order requiring the government to produce any interview memoranda and reports made from interviews with those persons whom the government has determined not to call as witnesses at trial. In support of this request, the defendant states:

1. This request does not go to those reports of interview, or statements made by prospective government witnesses, which would be covered by the provisions of 18 U.S.C. Section 3500 and Rule 16(a)(2), Fed. R. Crim. P.

2. We do, however, seek such items with regard to those individuals interviewed during the course of the investigation of this case and whom the government has determined not to call as witnesses. The instant motion is filed to request, as a matter of record, that Miguel Eduardo Rosario seeks disclosure of interview reports and memoranda of non-government witnesses, in the event that the government chooses, or has chosen, to consider such reports to not be relevant to be included in other discovery disclosures. Without the benefit of a government witness list, defense counsel does not know whether the reports and memoranda received at this time relate to witnesses whom the government will not call at trial.

3. Our request for reports and interviews or statements made by individuals whom the government has determined not to call as witnesses is based on the principles of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). See also Strickler v. Greene, 527 U.S. 263, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999).

4. The law enforcement investigation which is the basis for the instant prosecution in this case consists primarily of information provided by accomplices or informants (individuals who cooperated with the government in its ongoing investigation of this case) involved in the very criminal activity of which Miguel Eduardo Rosario stands accused. These witnesses have traded information and cooperation in return for beneficial treatment by the government. Obviously, the persons who could reveal the most substantial evidence against the defendant are the ones who will receive the most benefit. Those persons, however, who will not be called as witnesses are likely to be individuals who could not or would

1

not give the government what it wanted. Miguel Eduardo Rosario is entitled to know of any such reasons and to determine the disparity in information given and benefits promised to particular witnesses and non-witnesses. This situation is sufficiently material and compelling to justify the disclosures requested. See e.g., United States v. Yeh, 97 F. Supp. 2d 24 (D.D.C. 2000) (information must be sufficiently material).

5. While the request made herein is not a usual request made in pretrial discovery proceedings, we submit it is critical to the preparation of the defense in this case.

Date: 2/13/2022                                         Respectfully submitted,

                                                        *Miguel E. Rosario*

Name: Miguel E. Rosario
Lackawanna County Prison
1371 N Washington Avenue
Scranton, PA 18509-2840

CONTENTS MAILED FROM CORRECTIONAL FACILITY

RECEIVED
SCRANTON
FEB 18 2022
PER _____
DEPUTY CLERK

LEHIGH VALLEY
16 FEB 2022

United States District Court
Middle District of Pennsylvania
P.O Box 1148
235 N. Washington Ave
Scranton, PA 18501